UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Edward B. Bennett, # 191617, <br> *aka Edward Billy Bennett,* | ) C/A No.: 8:11-3383-TMC-JDA |
|---|---|
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| State of S.C.; Edsel Taylor, Warden; William Byers, Director, S.C.D.C.; Julie Armstrong; Scarlett Wilson, | ) |
| Defendants. | ) |

Plaintiff Edward B. Bennett, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff is confined at the Ridgeland Correctional Institution, a facility run by the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

Plaintiff is a frequent filer in this Court. In this action he sues the State of South Carolina, the Warden of MacDougal Correctional Institution, the Director of SCDC, the Charleston County Solicitor, and the Charleston County Clerk of Court. He captions his case as a "[w]rit of habeas corpus unlawful detention false arrest and motion for preliminary injunction 1983 civil rights seeking relief in monetary damages, and release."

Plaintiff's Complaint is convoluted, but he appears to raise essentially four claims. The first pertains to his right to a speedy trial, which he has already raised in another matter. *See Bennett v. St. Lawrence*, Civil Action No. 8:11-1437-TMC-JDA. A Court may take judicial notice of its own books and records. *See Aloe Creme Laboratories, Inc. v.*

*Francine Co.*, 425 F. 2d 1295, 1296 (5th Cir. 1970)(the court may take judicial notice of its own records); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954)(approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties); and *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

In this matter, Plaintiff claims the Solicitor breached her duty to timely bring him to trial. While in custody before the state trial, Plaintiff states he filed *pro se* speedy trial motions. In fact, Plaintiff claims he asked for a speedy trial as early as June 2010, but was not assigned counsel or allowed to proceed with trial. He states he "filed all motions to the Clerk of Court Julie Armstrong Charleston County Clerk at her office." Plaintiff's second claim, which is self-explanatory, is that he was falsely arrested.

The third claim pertains to a state sentence Plaintiff received. Plaintiff maintains that his sentence has expired, because he believes he should have received "time served" when he was tried in state court on September 14, 2011. While Plaintiff was in federal custody at Jesup, Georgia, he received an extradition warrant "along with an interstate Act on detainer agreement." It is not entirely clear from the Complaint how many detainers were filed against the Plaintiff. For example, Plaintiff states "I was held under detainer for U.S. Marshal's for probation violation. While at the same time Detained for VCL or fraudulent checks."

In any event, Plaintiff claims he was taken into federal custody on August 5, 2010, and therefore missed a state trial date on September 13, 2010. He indicates the "State and Charleston County issued a bench warrant and fugitive warrant of extradition." Plaintiff

states this is a violation of due process.

Plaintiff alleges the detainers were placed on him as early as June 2010. He was apparently released from federal custody on May 10, 2011, and was taken to the Chattham County Jail where he remained until June 27, 2011 when he was taken to Charleston County and released on bond the next day.

Plaintiff states he spent 13 months in federal custody. He believes that when he went to federal prison his "[s]tate time started at that time." He alleges under *Robinson v. State*, 329 S.C. 65, 495 S.E.2d 433 (1998) "a S.C. convict may receive credit for the time that he is incarcerated in another jurisdiction from the time a detainer is issued." Plaintiff first states in his Complaint that this would mean he should receive credit from June 8, 2010 to June 28, 2011. Later he gives a start date of October 18, 2010. In either case, Plaintiff maintains his right to liberty has been violated because "S.C. had no right to sentence Plaintiff again and incarcerate him for 13 months." Plaintiff alleges that while he was in federal prison he was subject to the S.C. detainer and was "constructively in South Carolina custody." Therefore, Plaintiff believes he should receive state credit for his federal time. He also cites to *State v. Dozier*, 263 S.C. 267, 210 S.E.2d 255 (1974). He alleges this case holds that where a non-escapee is imprisoned in another state while contesting extradition, he is entitled to credit on any subsequent South Carolina sentence.

Plaintiff's fourth claim is that the detainers kept him from participating in half-way house and work programs while he was in federal prison.

Based on all of these allegations, Plaintiff seeks release from incarceration, an "injunction under declaratory grounds," and damages.

Plaintiff has also filed four motions in this matter: a motion for summary judgment,

a motion for emergency hearing, a motion to "join 1983 as one claim and join defendant," and a motion to "combine or join case."

In his motion to "join 1983...," he seeks, in part, to add as a party an Assistant Solicitor, Tyler S. Whitaker, claiming she was "in receipt of several motions on behalf of the plaintiff as she was prosecuting the charge of [unitelligible]." Also that Assistant Solicitor Whitaker "failed to produce such documents in court, and did not under *Brady*... disclose such with the defense attorney...." Further, that she failed to notify anyone that "the plaintiff was entitled to time served due to her detainer or warrant of extradition."

In Plaintiff's motion to "combine or join case," Plaintiff asks this Court to consolidate this action with a previous action he filed in this Court where he raised some of the same issues he raises in the instant Complaint.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff, who is seeking damages, appears to be filing this matter pursuant to 42 U.S.C. § 1983, however, three of the four claims Plaintiff raises may not be heard in a Section 1983 action. Relief for Plaintiff's speedy trial, false arrest, and sentence correction issues may only be obtained in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition

challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983). If the plaintiff wishes to challenge the fact or duration of his confinement, he must file a habeas action, after he has filed a direct appeal and exhausted all state court remedies.

In fact, insofar as the plaintiff's subsequent conviction, related state court proceedings, and arrest are concerned, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, *supra*. *See also Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996). *Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); *Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004).

Plaintiff has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued.

Therefore, Plaintiff's speedy trial, false arrest, and sentence correction issues must be dismissed.

As for Plaintiff's fourth claim, participation in a work program or eligibility for a half-way house is determined by an inmate's custody classification. Plaintiff has no Constitutional right, however, to be placed at a certain custody level or placed in any particular institution.

Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. *Wolff v. McDonell*, 418 U.S. 539, 558-562 (1974). There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); and *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975). Thus, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review *unless* state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-1017 & n.1 (4th Cir. 1984)(collecting cases).

Cases previously decided in this judicial district make it clear that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections (SCDC) from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See, e.g.*, *Keeler v. Pea*, 782 F. Supp. 42, 43-44, (D.S.C. 1992), (*citing Meachum v. Fano*, 427 U.S. 215 (1976)). *See also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978); and *Brown v. Evatt*, 322 S.C. 189, 470 S.E.2d 848 (1996)(South Carolina Supreme Court held that neither state statutes

creating/defining SCDC's powers nor SCDC's operational classification regulations created a liberty interest in security or custody classifications). In fact, it is well settled that the placement of inmates into administrative segregation units is a valid means of minimizing a "threat to security of the institution, threat to the safety of other residents or Jail staff, etc." *Jackson v. Bostick*, 760 F. Supp. 524, 528 (D.Md. 1991). *See also Hewitt v. Helms*, 459 U.S. 460, 468 (1983)("[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.");[1] *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995)(prison officials have legitimate penological interest in administrative segregation, and they must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional security"), *rehearing denied*, 75 F.3d 448 (9th Cir. 1995), *cert. denied*, *County of Kern v. Anderson*, 516 U.S. 916 (1995); and *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)(if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight").

Finally, to the extent that Plaintiff wishes to add Assistant Solicitor Tyler S. Whitaker as a Defendant for actions she allegedly took or failed to take during Plaintiff's state court proceedings, these allegations would also be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), and Assistant Solicitor Whitaker is entitled to absolute prosecutorial immunity in any event. Absolute immunity "...is available for conduct of prosecutors that is

---

[1] Unrelated portions of the holding in *Hewitt v. Helms* have been superannuated by later case law. This portion of the holding in *Hewitt v. Helms* has not been superannuated by later case law.

'intimately associated with the judicial phase of the criminal process.'" *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993*) citing Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). *See also Burns v. Reed*, 500 U.S. 478 (1991).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal]. It is further recommended that Plaintiff's Motion for Summary Judgment (ECF No. 16), Motion for Emergency Hearing (ECF No. 17), Motion [to] join 1983 as one claim and join defendant (ECF No. 18), and Motion to combine or join case (ECF No. 20) be denied as **MOOT**.

s/Jacquelyn D. Austin

Jacquelyn D. Austin
United States Magistrate Judge

February 13, 2012
Greenville, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Room 239
300 East Washington St.
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).