IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD

| | |
|---|---|
| Edward B. Bennett,              )<br>                                              )<br>            Plaintiff,            )<br>                                              )<br>     v.                                  )<br>                                              )<br>State of South Carolina;      )<br>Warden Edsel Taylor;         )<br>Comm. SCDC William Byers; )<br>Julie Armstrong; and Scarlett  )<br>Wilson,                              )<br>                                              )<br>            Defendants.       )<br>_____ ) | C.A. No. 8:11-3383-TMC<br><br>**ORDER** |

Plaintiff Edward B. Bennett ("Plaintiff") a state prisoner proceeding pro se filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. This matter is before the court on the Magistrate Judge's Report and Recommendation ("Report") filed on February 13, 2012, in this action recommending that this action be dismissed without prejudice and without issuance and service of process. (Dkt. # 24). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. # 24 at 10). Plaintiff filed objections on February 27, 2012. (Dkt. # 27).

Plaintiff filed this action on December 14, 2011, and thereafter filed motions for summary judgment (Dkt. # 16), for a hearing and joinder (Dkt. # 17), to join 1983 as one claim (Dkt. # 18), and to combine or join cases (Dkt. # 20). On February 13, 2012, the Magistrate Judge to whom this case was assigned filed a Report recommending that this action be dismissed without prejudice and without issuance and service of process and that Plaintiff's then pending motions (Dkt. # 16, 17, 18 and 20) be denied as moot. On February 13, 2012, Plaintiff filed a motion for expedited release (Dkt. # 26), and on February 27, 2012, he filed his objections and another motion for a hearing. (Dkt. # 27 and 28).

The court is charged with making a de novo determination of those portions of the

Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

In the Report, the Magistrate Judge states that three of the four claims raised by Plaintiff in his complaint are not proper in a § 1983 action and may only be raised in a habeas action. (Report at 5). The Magistrate Judge notes that Plaintiff may only file for habeas relief after exhausting his state remedies. (Report at 6). Additionally, the Magistrate Judge notes that Plaintiff already has a habeas action pending in this court, *Bennett v. St. Lawrence*, C/A/ No. 8:11-1437-TMC-JDA. (Report at 1).

In his objections, Plaintiff states that he is not filing a § 1983 action, but rather a § 2254 habeas petition. (Objections at 1). He further states that he is seeking clarity as to whether he can file a § 1983 claim simultaneously to a habeas action. *Id.* Plaintiff states that his sentence has been incorrectly calculated. (Objections at 3). He further states that he has filed for post-conviction relief ("PCR") in state court, but he contends that PCR is not a sufficient remedy as he will have completed his sentence prior to the time a final ruling is issued in his PCR action. (Objections at 4). Plaintiff states he is scheduled to be released on March 30, 2012. *Id.*

Even if the court were to construe Plaintiff's pleading as a habeas petition, it would still be dismissed. First, as noted by the Magistrate Judge, Plaintiff has a habeas action currently pending in this court. Second, Plaintiff clearly states that his PCR action is now pending in the South Carolina state courts. Since the Plaintiff has a viable state court remedy which has not been fully utilized, the United States District Court for the District of South Carolina should not keep this case on its docket while the Petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F.Supp. 840, 846 (M.D.N.C.1981)

("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition"). *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4, (4th Cir.1993) ("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts").

As for Plaintiff's futility argument in regard to his state PCR action, the court notes that "state remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." *Ward v. Freeman*, 46 F.3d 1129 (4th Cir.1995) (unpublished). In *Ward*, the court held that a fifteen year delay in a direct appeal from a conviction rendered the petitioner's state remedies ineffective. Here, however, the court finds that there is no evidence or allegations of any inordinate delay. Simply because it may take the state court time to render a decision does not render it ineffective or futile. Generally, a more lengthy delay than that of which Plaintiff complains is required. *See, e.g., Lee v. Stickman*, 357 F.3d 338 (3d Cir.2004(eight-year delay of post conviction relief (PCR) action); *Mathis v. Hood*, 851 F.2d 612 (2d Cir.1988) (six-year delay in direct appeal); *Burkett v. Cunningham*, 826 F.2d 1208 (3d Cir.1987) (five-and one-half-year delay).

Accordingly, based on the foregoing, the court adopts the Report and Recommendation and this action is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 6, 2012
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.